UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
VRB 4 INVESTMENTS LTD.,             :
                                    :
                                    :
                                    :
              Plaintiff,            :
                                    :  No.
      v.                            :
                                    :  **COMPLAINT**
BOLIVARIAN REPUBLIC OF VENEZUELA,   :
                                    :
              Defendant.            :
                                    :
                                    :
                                    :
------------------------------------X

Plaintiff VRB 4 Investments Limited, by and through their undersigned attorneys, allege, upon personal knowledge as to its own acts and upon information and belief as to all other acts, as follows:

## NATURE OF THE ACTION

1. This breach of contract action arises out of the Bolivarian Republic of Venezuela's ("Venezuela") failure to pay principal and interest on eight series of bonds (collectively, the "Securities") in which plaintiff holds a beneficial ownership interest.

2. Venezuela issued the Securities and sold them under three contracts called "fiscal agency agreements," which it executed in September 1997 (the "1997 FAA"), August 1998 (the "1998 FAA"), and July 2001 (the "2001 FAA") (collectively, the "FAAs"). Under these three FAAs and the respective offering documents for each bond series, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the Securities.

3. As set forth below, Venezuela has defaulted on the Securities. Beginning in October 2017 and continuing since, Venezuela has failed to make the required payments on the Securities. In addition, holders of the requisite quantum of certain bond series have exercised their right of

acceleration, resulting in all principal and unpaid interest due and payable immediately for those specific series. By this action, Plaintiff seeks money judgments for the amounts owed.

## THE PARTIES

4.  Plaintiff VRB 4 Investments Limited is an exempted company with limited liability organized under the laws of the Cayman Islands. It is the beneficial owner of the Securities. It is authorized to take any action that a holder is entitled to take under the terms of the Securities or the FAAs.

5.  Defendant Venezuela is a foreign state as defined in Section 1603(a) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

6.  The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1330 and 28 U.S.C. § 1605. Section 1330(a) grants federal district courts "original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity under either sections 1605-1607 of this title or under any applicable international agreement."

7.  As noted above, Venezuela is a foreign state as defined in 28 U.S.C. § 1603(a).

8.  Venezuela is not entitled to immunity under 28 U.S.C. §§ 1605–1607. To the contrary, Section 1605(a) provides, in relevant part, that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—(1) in which the foreign state has waived its immunity either explicitly or by implication." In all three FAAs out of which the Securities originate, Venezuela agreed not to claim, and "irrevocably" waived, sovereign immunity with respect to "any suit, action or proceeding against it or its properties, assets or

revenues with respect to this Agreement, any Security or a coupon appertaining thereto (a 'Related Proceeding')."

9. All three FAAs contain an identical waiver of immunity, which appears in Section 14(d) of each agreement, and states in full as follows (emphasis added):

> To the extent that the Issuer or any of its revenues, assets or properties shall be entitled, with respect to any Related Proceeding at any time brought against the Issuer or any of its revenues, assets or properties in any jurisdiction in which any Specified Court is located, or with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, *the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction* **(including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States)** and consents generally for the purposes of the State Immunity Act of 1978 of the United Kingdom to the giving of any relief or the issue of any process in connection with any Related Proceeding or Related Judgment, provided that such agreement and waiver, insofar as it relates to any jurisdiction other than a jurisdiction in which a Specified Court is located, is given solely for the purpose of enabling the Fiscal Agent, any Paying Agent or any holder to enforce or execute a Related Judgment. In addition, to the extent that the Issuer or any of its revenues, assets or properties shall be entitled, in any jurisdiction, to any immunity from set-off, banker's lien or any similar right or remedy, and to the extent that there shall be attributed, in any jurisdiction, such an immunity, the Issuer hereby irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction with respect to any claim, suit, action, proceeding, right or remedy arising out of or in connection with this Agreement, any Security or a coupon appertaining thereto.

10. In addition, Section 1605(a)(2) of the FSIA states that a foreign state is not immune in a case "in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." This action is based upon such commercial activity. Venezuela

3

marketed the Securities in the United States, offered the Securities for sale in the United States, allows the Securities to be traded within the United States, invoked the jurisdiction of the courts and laws of the United States to induce investors to buy and hold the Securities, and has directed the actions of its fiscal agents located within the United States regarding the Securities. These and other actions have occurred within the United States and have caused direct effects in the United States, including but not limited to damages incurred by Plaintiff and other investors located in the United States.

11. Venezuela is not entitled to immunity under any provision set forth in 28 U.S.C. §§ 1605–1607 or under any applicable international agreement. This Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1330(a).

12. The Court has personal jurisdiction over Venezuela. In all three FAAs, Venezuela agreed that any Related Proceeding could be brought in certain specified courts including "the United States District Court for the Southern District of New York," and Venezuela "irrevocably submit[ted] to the exclusive jurisdiction" of these courts for such proceedings.

13. Venue is proper in this district under 28 U.S.C. § 1391(f)(1). "[A] substantial part of the events or omissions giving rise to [this] claim occurred" in this judicial district. Among other things, Venezuela made and breached promises to investors in this district, availed itself of the jurisdiction of this district to induce investors to purchase and hold the Securities, and failed to make payments in this district as required by the securities. Moreover, in the FAAs, Venezuela "irrevocably consent[ed] to and waive[d] any objection [that] it may now or hereafter have to the laying of venue" for a Related Proceeding brought in a specified court, as described above.

**FACTS**

14. The 1997 FAA is a contract entered into as of September 3, 1997, among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase

Manhattan Bank, as fiscal agent. The 1997 FAA is governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

15. The 1998 FAA is a contract entered into as of August 6, 1998, among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties to the 1998 FAA amended that contract in amendments dated January 14, 2004 and September 29, 2004. The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

16. The 2001 FAA is a contract entered into as of July 25, 2001, among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended the contract as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

17. From time to time, Venezuela has issued bonds under the terms of the FAAs. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Securities themselves and the offering documents for each bond series.

18. Plaintiff is the beneficial owner of a substantial amount of the Securities. Specifically, plaintiff is the beneficial owner of the Securities in the following amounts:

| ISIN No. | FAA | Due Date | Interest Rate | Principal Held by Plaintiff |
|---|---|---|---|---|
| USP17625AA59 | 2001 FAA | 05/07/2023 | 9.000% | $ 9,451,500 |
| USP97475AP55 | 2001 FAA | 10/13/2024 | 8.250% | $ 47,234,400 |
| XS0217249126 | 2001 FAA | 04/21/2025 | 7.650% | $ 22,059,000 |
| USP17625AE71 | 2001 FAA | 10/21/2026 | 11.750% | $ 63,468,500 |
| US922646AS37 | 1997 FAA | 09/15/2027 | 9.250% | $ 26,241,000 |
| USP17625AB33 | 2001 FAA | 05/07/2028 | 9.250% | $ 38,330,600 |
| US922646BL74 | 1998 FAA | 01/13/2034 | 9.375% | $ 26,741,000 |
| USP97475AJ95 | 2001 FAA | 03/31/2038 | 7.000% | $ 55,817,000 |

19. All of the Securities provide for Venezuela to make interest payments biannually.

20. The terms and conditions of the Securities provide that an "Event of Default" occurs if Venezuela fails to pay the principal, interest, or other amounts due on the Securities when due, and such failure continues for a period of 30 days.

21. The terms and conditions of the Securities further provide that if an Event of Default "shall occur and be continuing[,]" then holders of 25% or more in aggregate outstanding principal amount of the respective bond series may, by written demand, declare the Securities immediately due and payable, whereupon the entire unpaid principal, and accrued and unpaid interest, becomes payable forthwith (the "Acceleration Provision").

22. Beginning in October 2017, Venezuela stopped making the required interest payments on the Securities. For each series of bonds, Venezuela's failure to pay continued for a period of more than 30 days; indeed, the amounts remain unpaid today. This failure to pay interest

constituted an Event of Default on each of the bond series in which plaintiff has a beneficial ownership holding.

23.     The scheduled biannual payment dates, first missed payment date, and default date for each bond series are reflected below:

| ISIN | Scheduled Payment Dates | First Missed Payment | Default Date | Principal Held by Plaintiff |
|---|---|---|---|---|
| USP17625AA59 | May 7, Nov 7 | 11/07/2017 | 12/07/2017 | $ 9,451,500 |
| USP97475AP55 | Apr 13, Oct 13 | 10/13/2017 | 11/13/2017 | $ 47,234,400 |
| XS0217249126 | Apr 21, Oct 21 | 10/21/2017 | 11/21/2017 | $ 22,059,000 |
| USP17625AE71 | Apr 21, Oct 21 | 10/21/2017 | 11/21/2017 | $ 63,468,500 |
| US922646AS37 | Mar 15, Sep 15 | 03/15/2018 | 04/15/2018 | $ 26,241,000 |
| USP17625AB33 | May 7, Nov 7 | 11/07/2017 | 12/07/2017 | $ 38,330,600 |
| US922646BL74 | Jan 13, July 13 | 01/13/2018 | 02/13/2018 | $ 26,741,000 |
| USP97475AJ95 | Mar 31, Sep 30 | 03/31/2018 | 04/30/2018 | $ 55,817,000 |

24.     Venezuela has missed the following payments for each of the series of bonds:

| ISIN | Missed Scheduled Payments |
|---|---|
| USP17625AA59 | November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023. |
| USP97475AP55 | October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; April 13, 2020; October 13, 2020; April 13, 2021; October 13, 2021; April 13, 2022; October 13, 2022; April 13, 2023. |
| XS0217249126 | October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; April 21, 2020; October 21, 2020; April 21, 2021; October 21, 2021; April 21, 2022; October 21, 2022; April 21, 2023. |
| USP17625AE71 | October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; April 21, 2020; October 21, 2020; April 21, 2021; October 21, 2021; April 21, 2022; October 21, 2022; April 21, 2023. |
| US922646AS37 | March 15, 2018; September 15, 2018; March 15, 2019; September 15, 2019; March 15, 2020; September 15, 2020; March 15, 2021; September 15, 2021; March 15, 2022; September 15, 2022; March 15, 2023. |

| | |
|---|---|
| USP17625AB33 | November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023. |
| US922646BL74 | January 13, 2018; July 13, 2018; January 13, 2019; July 13, 2019; January 13, 2020; July 13, 2020; January 13, 2021; July 13, 2021; January 13, 2022; July 13, 2022; January 13, 2023. |
| USP97475AJ95 | March 31, 2018; September 30, 2018; March 31, 2019; September 30, 2019; March 31, 2020; September 30, 2020; March 31, 2021; September 30, 2021; March 31, 2022; September 30, 2022; March 31, 2023. |

25.     For certain bond series of the Securities, the holders of greater than 25% of the outstanding principal amounts have exercised rights under the Acceleration Provision for that series.

26.     On December 6, 2018, holders of greater than 25% of the outstanding principal amount of the bond series designated ISIN No. US922646BL74 exercised the rights under the Acceleration Provision for those bonds pursuant to a written demand on the fiscal agent.

27.     On December 20, 2020, holders of greater than 25% of the outstanding principal amount of the bond series designated ISIN No. XS0217249126 exercised their rights under the Acceleration Provision for those bonds pursuant to a written demand on the fiscal agent.

28.     Upon information and belief, holders of 25% or more of the outstanding principal of other specific series of the Series may have exercised their rights under the Acceleration provision for those series.

29.     To date, Venezuela has not paid principal and interest amounts due on the Securities.

30.     Plaintiff is fully and duly authorized to bring this action as beneficial owner of these Securities. Plaintiff holds these bonds through its custodian, State Street Bank and Trust Company, which in turns holds them though its omnibus account at Euroclear Bank, which in turns holds

them through its participant account at Depository Trust Company ("DTC"). The bonds are registered in the name of DTC's nominee, Cede & Co.

## COUNT I
### Breach of Contract – ISIN No. USP17625AA59

31. All foregoing paragraphs are incorporated by reference herein.

32. The bonds designated ISIN No. USP17625AA59 are valid and enforceable notes executed by Venezuela.

33. Venezuela failed to make payments on: November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; and May 7, 2023.

34. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

35. Plaintiff is the beneficial owner of $9,451,500 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

36. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT II
### Breach of Contract – ISIN No. USP97475AP55

37. All foregoing paragraphs are incorporated by reference herein.

38. The bonds designated ISIN No. USP97475AP55 are valid and enforceable notes executed by Venezuela.

39. Venezuela failed to make payments due to plaintiff on: October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; April 13, 2020; October 13, 2020; April 13, 2021; October 13, 2021; April 13, 2022; October 13, 2022; April 13, 2023.

40.     These failures have continued for more than 30 days, and accordingly constitute Events of Default.

41.     Plaintiff is the beneficial owner of $47,234,400 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

42.     Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT III
### Breach of Contract – ISIN No. XS0217249126

43.     All foregoing paragraphs are incorporated by reference herein.

44.     The bonds designated ISIN No. XS0217249126 are valid and enforceable notes executed by Venezuela.

45.     Venezuela failed to make payments due to plaintiff on: October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; April 21, 2020; October 21, 2020; April 21, 2021; October 21, 2021; April 21, 2022; October 21, 2022; April 21, 2023.

46.     These failures have continued for more than 30 days, and accordingly constitute Events of Default. The principal amount owed on these bonds became due and payable in its entirety on or about December 20, 2020. Venezuela has failed to pay the principal amount of these bonds. As this failure has continued for more than 30 days, this failure to pay constitutes an additional Event of Default.

47.     Plaintiff is the beneficial owner of $22,059,000 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

48. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT IV
### Breach of Contract – ISIN No. USP17625AE71

49. All foregoing paragraphs are incorporated by reference herein.

50. The bonds designated ISIN No. USP17625AE71 are valid and enforceable notes executed by Venezuela.

51. Venezuela failed to make payments due to plaintiff on: October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; April 21, 2020; October 21, 2020; April 21, 2021; October 21, 2021; April 21, 2022; October 21, 2022; April 21, 2023.

52. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

53. Plaintiff is the beneficial owner of $63,468,500 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

54. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT V
### Breach of Contract – ISIN No. US922646AS37

55. All foregoing paragraphs are incorporated by reference herein.

56. The bonds designated ISIN No. US922646AS37 are valid and enforceable notes executed by Venezuela.

57. Venezuela failed to make payments due to plaintiff on: March 15, 2018; September 15, 2018; March 15, 2019; September 15, 2019; March 15, 2020; September 15, 2020; March 15, 2021; September 15, 2021; March 15, 2022; September 15, 2022; March 15, 2023.

58. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

59. Plaintiff is the beneficial owner of $26,241,000 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

60. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT VI
### Breach of Contract – ISIN No. USP17625AB33

61. All foregoing paragraphs are incorporated by reference herein.

62. The bonds designated ISIN No. USP17625AB33 are valid and enforceable notes executed by Venezuela.

63. Venezuela failed to make payments due to plaintiff on: November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023.

64. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

65. Plaintiff is the beneficial owner of $38,330,600 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

66. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT VII
### Breach of Contract – ISIN No. US922646BL74

67. All foregoing paragraphs are incorporated by reference herein.

68. The bonds designated ISIN No. US922646BL74 are valid and enforceable notes executed by Venezuela.

69. Venezuela failed to make payments due to plaintiff on: January 13, 2018; July 13, 2018; January 13, 2019; July 13, 2019; January 13, 2020; July 13, 2020; January 13, 2021; July 13, 2021; January 13, 2022; July 13, 2022; January 13, 2023.

70. These failures have continued for more than 30 days, and accordingly constitute Events of Default. The principal amount owed on these bonds became due and payable in its entirety on or about December 6, 2018. Venezuela has failed to pay the principal amount on these bonds. As this failure has continued for more than 30 days, this failure to pay constitutes an additional Event of Default.

71. Plaintiff is the beneficial owner of $26,741,000 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela has failed to make. Venezuela has breached its contractual obligations to Plaintiff by failing to make payment when due.

72. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## COUNT VIII
### Breach of Contract – ISIN No. USP97475AJ95

73. All foregoing paragraphs are incorporated by reference herein.

74. The bonds designated ISIN No. USP97475AJ95 are valid and enforceable notes executed by Venezuela.

75. Venezuela failed to make payments due to plaintiff on: March 31, 2018; September 30, 2018; March 31, 2019; September 30, 2019; March 31, 2020; September 30, 2020; March 31, 2021; September 30, 2021; March 31, 2022; September 30, 2022; and March 31, 2023.

76. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

77. Plaintiff is the beneficial owner of $55,817,000 of face value of these bonds and is therefore entitled by contract to the payments that Venezuela failed to make. Venezuela breached its contractual obligations to Plaintiff by failing to make payment when due.

78. Plaintiff has suffered monetary damages as a result of Venezuela's breach of these payment obligations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment against Venezuela as follows:

a. A monetary judgment awarding damages to Plaintiff in an amount to be proven, but in no event less than the contractually required interest payments and repayment of principal; post-judgment interest on the unpaid amounts between the date of judgment and date of collection;

b. Awarding Plaintiff its fees and costs, including attorneys' fees, as permitted by law; and

c. Such other further relief as the Court deems just and proper.

Dated: June 22, 2023

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: <u>*/s/ Brandon L. Arnold*</u>

Matthew M. Madden (*pro hac vice forthcoming*)
Brandon L. Arnold
Paul Brzyski (*pro hac vice forthcoming*)
2000 K Street, N.W.
Fourth Floor
Washington, DC 20006
Telephone:     (202) 775-4500
Facsimile:      (202) 775-4510
Email:           mmadden@kramerlevin.com
                      barnold@kramerlevin.com
                      pbrzyski@kramerlevin.com

*Attorneys for Plaintiff*