# Kramer Levin



**Matthew M. Madden**
Partner
**T** 202.775.4529
**F** 202.775.4510
mmadden@kramerlevin.com

2000 K Street NW, 4th Floor
Washington, DC 20006
**T** 202.775.4500
**F** 202.775.4510

**July 18, 2023**

*Via ECF (courtesy copy to: torres_nysdchambers@nysd.uscourts.gov)*

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *VRB 4 Investments LTD. v. Bolivarian Republic of Venezuela*, No. 1:23-cv-05287-AT
[rel. 1:20-cv-08402-AT]

Dear Judge Torres:

On behalf of our client, VRB 4 Investments Ltd., we respectfully submit this letter pursuant to Rules I.B and III.A of your Honor's Individual Practices, seeking entry of an order authorizing service of the summons and complaint on the Bolivarian Republic of Venezuela ("Venezuela") via diplomatic channels under 28 U.S.C. § 1608(a)(4). In prior proceedings before this Court, Venezuela has taken the position that the "only method of service currently available against [Venezuela] is set forth in § 1608(a)(4), which allows for service through diplomatic channels." Mem. of Support of Mot. to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati et al. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-4796-ALC (S.D.N.Y. Mar. 13, 2020), Dkt. 44.

For service under Section 1608(a)(4), the Foreign Mailing Instructions of the Clerk of this Court direct parties to present a letter of request to the Clerk. *See* Clerk's Office, Foreign Mailing Instructions, at 12. In advance of such a request to the Clerk, Plaintiff respectfully submits this letter to ensure service is properly and timely effected under the Foreign Sovereign Immunities Act of 1976 ("FSIA").

Plaintiff is a beneficial owner of several series of bonds issued by Venezuela. As your Honor is well aware, Venezuela has failed since October 2017 to pay principal and interest owed on those bonds in accordance with their terms. *See, e.g.*, *Contrarian Capital Mgmt., L.L.C et al. v. Bolivarian Republic of Venezuela*, 2020 WL 5849013, at *1 (S.D.N.Y. Oct. 1, 2020) (Torres, J.). Plaintiff filed its complaint in this action on June 22, 2023, asserting claims for breach of contract with respect to the owed principal and interest payments.

The Honorable Analisa Torres
July 18, 2023

The FSIA provides the exclusive rules for service of process on a foreign state. 28 U.S.C. § 1608(a). Section 1608(a) identifies four allowable methods of service on a foreign state. According to the FSIA, a plaintiff must "attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted). As explained below, the first three methods of service set forth in Section 1608(a), are unavailable:

- Section 1608(a)(l) allows for service by "special arrangement." The bonds at issue contain a special arrangement for service on the Consulate General or an alternative agent in New York. However, Venezuela has closed the Consulate General and has failed to maintain an alternate agent to accept service of process. *See* Def's Rep. in Sup. Mot. to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 13, *Lovati*, No. 1:19-cv-4796-ALC, Dkt. 44. As a result, Venezuela has maintained that service is unavailable through the "special arrangement" agreed in the applicable bonds.

- Section 1608(a)(2) allows for service in accordance with an applicable international convention. Venezuela is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). However, Venezuela has made clear to this Court that service under the Hague Convention is unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime[.]" *Id.* at 17.

- Section 1608(a)(3) allows for service by mail. Venezuela has taken the position that this method of service is unavailable as well. This Court has also recognized that service under Section 1608(a)(3) appears to be "categorically unavailable" for Venezuela. Order at 2, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 1:18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019), Dkt. 22 (*quoting Azadeh v. Gov't of the Islamic Republic of Iran*, 318 F. Supp. 3d 90, 99 (D.D.C. 2018)).

This leaves the fourth method of service: 28 U.S.C. § 1608(a)(4). In the related case, this Court has given effect to Venezuela's contentions in the *Lovati* case noted above by directly ordering service under Section 1608(4). *See* Order, *Altana Credit Opportunities Fund et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-08402-AT (S.D.N.Y. Nov. 12, 2020), Dkt. 16.

Plaintiff respectfully requests that the Court similarly order service on Venezuela through the U.S. Department of State under Section 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA.

Because Plaintiff has not yet served Venezuela, Plaintiff does not know if Venezuela is represented by counsel in this matter.

Respectfully submitted,

*/s/   Matthew M. Madden*
Matthew M. Madden
Counsel to Plaintiff